IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNELLY J LEBLANC,

    Plaintiff

    vs.

J. BEARD, *et al.*,

    Defendants

CIVIL NO. 1:CV-10-1444

(Judge Caldwell)

*M E M O R A N D U M*

    Plaintiff, Donnelly LeBlanc, a Pennsylvania state inmate, filed a civil-rights complaint against Hearing Examiner Reisinger complaining she did not afford him due process at a misconduct hearing at the Camp Hill State Correctional Institution, Camp Hill, Pennsylvania. He received ninety days' confinement in restricted housing as a result of the misconduct. Presently before the Court is Plaintiff's motion for a preliminary injunction. The motion does not involve the merits of the underlying case. Rather, it asserts that the Pennsylvania Department of Corrections (DOC) Administrative Directive 803, *Inmate Mail and Incoming Publications* (DC-ADM 803),[1] which restricts his ability to borrow against his inmate account funds for photocopying and legal-mail postage, impermissibly limits his access to the courts in this case and in another civil-rights action he has pending in the

---

[1] The Court takes judicial notice of this policy which is available to all inmates at their institutional libraries and on the DOC's public website at www.cor.state.pa.us.

United States District Court for the Eastern District of Pennsylvania.[2]  He contends the DOC's restriction prevented him from properly filing and serving all counsel in his Eastern District case with unspecified documents, and has impacted his ability to respond to the defendant's pending motion to dismiss in the instant matter.[3]  *Id.* at p. 3;[4] and Doc. 43, LeBlanc Decl.  Specifically, he claims that on "February 8 and 10, 2011 officers from the DOC sent notice that completely denied this inmate from further access to the courts."  Doc. 43.  We note, however, that the instant motion and the accompanying draft order and affidavit were all signed by him a few days later, February 14, 2011, and were docketed by the court on February 18, 2011.  *See* Docs. 41-43.  LeBlanc offers no additional information concerning the actions prison officials took to bar his access to the courts or whether any alleged hindrances were temporary in nature.  His multitude of filings in this and his Eastern District case suggest he continues to actively litigate both actions.

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.  *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994).  "A preliminary injunction is an extraordinary remedy that is never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, _, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008); *Kos Pharm.,*

---

[2]  The court takes judicial notice of the docket sheet in *LeBlanc v. Stedman*, No. 5:10-cv-05215-TJS  (E.D. Pa.), which is available through the federal judiciary's electronic records system, Public Access to Court Electronic Records (PACER), at www.pacer.gov.

[3]  The court notes that the docket in this matter reflects that LeBlanc filed a brief in opposition to defendants' motion to dismiss on March 9, 2011.  *See* Doc. 47.

[4]  Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.


Case 1:10-cv-01444-WWC-PT   Document 50   Filed 06/07/11   Page 3 of 5

*Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  In order to obtain preliminary injunctive relief pursuant to Fed. R. Civ. P. 65, the requesting party must show: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest.  *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009)(citing *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356-57 (3d Cir. 2007)).  Preliminary relief requires a showing of *likely* irreparable injury.  *Winter,* 555 U.S. at ___, 129 S.Ct. at 375 (emphasis in original).  In other words, "'a preliminary injunction will not be issued simply to prevent the possibility of some remote future harm.'"  *Id.* (quoted case omitted).

In considering Plaintiff's claims, it is clear that he has not shown a likelihood of success on the merits.  Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  However, a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury.  *Lewis*, 518 U.S. at 352-54, 116 S.Ct. at 2180-81.  When an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated.  *Id.*  An actual injury is shown only where a nonfrivolous, arguable claim is lost.  *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-2187, 153 L.Ed.2d 413 (2002).  Here, LeBlanc has failed to demonstrate any actual injury warranting the extraordinary relief of an injunction prohibiting the DOC from enforcing DC-ADM 803.  He has not shown how DC-ADM 803 has "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2180.

A review of the docket for LeBlanc's Eastern District case supports this conclusion. That case is progressing and has not been dismissed due to any failure of LeBlanc to prosecute it or respond to defendants' motions to dismiss.  The same is true in this matter.  LeBlanc has been litigating his case and has filed a brief in opposition to defendants' motion to dismiss.  In fact, he has never sought an enlargement of time from this court to allow him to shift service and filing costs from one month to the next in the event he reaches his limit under DC-ADM 803.

We will issue an appropriate order.

 /s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Dated: June 7, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNELLY J LEBLANC, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1444
  vs. :
: (Judge Caldwell)
J. BEARD, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 7th day of June, 2011, it is ordered that Plaintiff's motion (doc. 41) for a preliminary injunction is denied.

                                                  /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge