IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNELLY J LEBLANC, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1444
    vs. :
: (Judge Caldwell)
J. BEARD, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.   *Introduction*

Donnelly J. LeBlanc is a prisoner of the Commonwealth of Pennsylvania presently confined at the State Correctional Institution at Huntingdon (SCI-Huntingdon), in Huntingdon, Pennsylvania. In his complaint, Plaintiff alleges that the remaining defendant, Hearing Examiner K. Reisinger, violated his Fourteenth Amendment rights by subjecting him to a constitutionally deficient misconduct hearing resulting in his placement in disciplinary custody for ninety days. Doc. 32, Am. Compl. at CM/ECF p. 2.[1]

Presently before the court is Defendant's motion to dismiss the amended complaint. For the reasons that follow, the motion will be granted.

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

II.     *Background*

LeBlanc alleges that on March 22, 2010, Hearing Examiner Reisinger violated his right to due process in finding him guilty of two separate misconducts and placing him in the institution's Restricted Housing Unit (RHU) under disciplinary custody for ninety days. Doc. 32, Am. Compl.  Specifically, LeBlanc claims Reisinger "[r]efused to allow witness on Plaintiff's behalf, refused to allow the questioning of accusers, refused to allow the obtaining of exculpatory evidence and/or assistance in obtaining such evidence, and denied written content within these reports that suggested the obvious fabrication of said reports." *Id.* at p. 2.

LeBlanc served the initial portion of his disciplinary custody sanction in SCI-Camp Hill's RHU , and the balance at SCI-Huntingdon's RHU.  *Id.* at p. 2.  He alleges that while in the RHU, he was double-celled in cells originally designed to house one inmate; had restricted access to other inmates, visitors, educational and programming opportunities; lost his institutional job; and was subjected to varying levels of continuous illumination in his cell.  *Id.* at pp. 3-4.  He also alleges that RHU officers routinely assault disciplinary custody inmates without provocation as well as withhold meals and personal hygiene items from RHU inmates.  *Id.* at p. 4.

III.    *Standard of Review*

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).  Nevertheless, "the tenet that

-2-

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV.  *Discussion*

LeBlanc claims Hearing Examiner Reisinger denied him due process at his misconduct hearing.  He also charges that his ninety-day placement in the RHU under disciplinary custody, and the attendant hardships of this confinement, give rise to a violation of a protected liberty interest.  Defendant Reisinger argues that LeBlanc's claim that his

-3-

due process rights have been violated should be dismissed because he fails to allege an atypical or significant hardship in relation to the ordinary incidents of prison life under *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Under the circumstances of this case, LeBlanc's due process claims do not entitle him to relief.

In analyzing a due process claim, the threshold question is whether the plaintiff has been deprived of a protected liberty or property interest. *See Shoats v. Horn,* 213 F.3d 140, 143 (3d Cir. 2000). In the prison context, due process protection is limited to those situations where the deprivation rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300. Plaintiff's disciplinary confinement in the RHU, for a period of ninety days, is not an atypical or significant hardship. *See Williams v. Bitner*, 307 F. App'x 609, 610-611 (3d Cir. 2009); *see also Torres v. Fauver*, 292 F.3d 141, 150 – 51 (3d Cir. 2002) (because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest)*; Smith v. Mensinger,* 293 F.3d 641, 653 (3d Cir. 2002)(holding that due process claim properly dismissed where an allegation of false disciplinary report resulting in seven months' disciplinary confinement was not sufficient to constitute a due process deprivation under *Sandin*); *Griffin v. Vaughn,* 112 F.3d 703, 706 (3d Cir. 1997)(finding that placement of a prisoner in administrative custody for 15 months did not involve an atypical, significant deprivation); *Edmonds v. Sobina*, 296 F. App'x 214 (3d Cir. 2008)(90 days in the RHU not an "atypical and significant hardship").

While there is no single standard for determining whether a prison hardship is

atypical and significant, federal courts must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003)(citing *Shoats*, 213 F.3d at 144).  To the extent LeBlanc attempts to argue that his conditions while in disciplinary custody exposed him to atypical and significant deprivations, we do not agree.  Plaintiff complains that he was exposed to constant low level illumination of his RHU cell; prohibited from talking to other inmates; limited visitation opportunities if at all; and limited access to out-of-cell activities such as vocational programming, education, yard, and law library access as compared to inmates in general population.  *See* Doc. 32 at p. 3.  He also contends disciplinary custody inmates lose their paid job assignments and must go to the bottom of the waiting list upon their release from disciplinary custody.  *Id.* at p. 4.  However, none of these conditions are sufficient to distinguish LeBlanc's situation from the cases cited above. *See Griffin,* 112 F.3d at 705-08; *see also Young v. Beard*, 227 F. App'x 138 (3d Cir. 2007). As for LeBlanc's assertions that disciplinary custody inmates are subjected to the denial of meals and constant incidents of excessive force inflicted upon them by corrections officers (doc. 32 at pp. 4 - 5), LeBlanc does not suggest that he personally was subjected to any such incidents during his ninety days in disciplinary confinement.

   LeBlanc has not alleged any facts suggesting that his confinement in disciplinary segregation subjected him to "atypical and significant hardship."  He has thus failed to state a due process claim arising out of his confinement because he was not deprived of a liberty interest.  Having no liberty interest, LeBlanc was not constitutionally entitled to any process at his misconduct hearing and whatever flaws occurred at his misconduct hearing are not actionable.  *Sandin*, 515 U.S. at 487, 115 S.Ct. at 2302.

An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 2, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNELLY J LEBLANC, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1444
  vs. :
: (Judge Caldwell)
J. BEARD, *et al.*, :
:
    Defendants :

## *O R D E R*

AND NOW, this 2nd day of August, 2011, in accordance with the accompanying memorandum, it is ordered that:

    1. Defendant Reisinger's motion to dismiss (doc. 39) is granted.

    2. Plaintiff's complaint is hereby dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

    3. The Clerk of Court shall close this file.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge